Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
317 East Spruce Street
P.O. Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

Ryan W. Aikin
Aikin Law Office, PLLC
PO Box 7277
Missoula, MT 59807
406-840-4080
Ryan@aikinlawoffice.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KEYLAND S. LOWE, | ) |
| | ) |
| Plaintiff, | ) **COMPLAINT and** |
| | ) **JURY DEMAND** |
| v. | ) |
| | ) |
| JOSHUA GEISSEL and CITY OF MISSOULA, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## INTRODUCTION

1. This is an action for deprivation of civil rights under color of law, and for assault and battery, negligence, and other wrongful acts. This action arises out of both federal and state law for damages resulting from the unlawful conduct of Defendants Officer Joshua Geissel and City of Missoula.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the claims specified in this Complaint pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 1983.

3. Jurisdiction for state law claims against all Defendants pursuant to the law of the State of Montana is conferred upon this Court pursuant to 28 U.S.C. § 1367.

4. Venue in this case is proper under 28 U.S.C. § 1391 and LR 3.2. Missoula is located in the Missoula Division of the United States District Court for the District of Montana. The events giving rise to the claims in this case occurred in this judicial district.

5. Because Plaintiff makes no allegations against the State of Montana, pursuant to MCA § 2-9-301, he is not required to file administrative claims against the City of Missoula prior to filing this action.

## THE PARTIES

6. Plaintiff Keyland Lowe is a citizen of the State of Montana and a resident of Missoula, Montana.

7. Based on information and belief, Defendant Joshua Geissel is a citizen of the State of Montana and a resident of Ravalli County, Montana. Defendant Geissel was an employee of the City of Missoula Police Department at all times pertinent to this matter. He is sued in both his individual and official capacities.

8. Defendant City of Missoula is a municipality of the State of Montana located in Missoula County.

## FACTUAL ALLEGATIONS

9. At or about 4:45 p.m. on May 22, 2021, Plaintiff Keyland Lowe and his girlfriend, Carmalita Aimsback, were arguing on a sidewalk near 1511 South 11th St. West in Missoula.

10. City of Missoula Police Officer Joshua Geissel approached Lowe and Aimsback on foot.

11. Officer Geissel told Lowe and Aimsback, "We got people calling on you guys. Is everything okay?"

12. Lowe walked toward Officer Geissel, repeatedly asking, "What people?"

13. Aimsback told Officer Geissel, "I'm taking him back home."

14. Officer Geissel told Lowe to step away while he spoke with Aimsback.

15. Lowe stepped approximately 10-15 feet away.

16. Officer Geissel aked Aimsback, "What's going on? They're saying you guys are pushing and shoving each other."

17. Aimsback replied "No, we're not, we're just arguing."

18. Lowe began walking toward Geissel saying, "I just want to be left the fuck alone, from you and her. You fucking crackers."

19. While Lowe stood approximately 5 feet away from Officer Geissel, Officer Geissel grabbed Lowe by the arm and shoulder.

20. Lowe told Officer Geissel not to put his hands on him.

21. Officer Geissel then grabbed Lowe by the legs, causing him to fall to the ground.

22. Lowe asked Geissel, "Why, dude?"

23. While Lowe was on the ground on his back with Officer Geissel on top of him, Geissell repeatedly told Lowe, "Get on your fucking stomach, now!"

24. Geissel then wrestled with Lowe, forcing Lowe to lay on his stomach.

25. While Lowe was face down on the ground, Office Geissel punched Lowe at least three times on the head and face.

26. Aimsback and another onlooker repeatedly told Officer Geissel not to punch Lowe.

27. Officer Geissel caused Lowe to suffer a broken nose, a black eye, and bruised ribs.

28. Three onlookers recorded portions of this incident.

29. One witness, Jack Connolly, observed the incident from the balcony of his apartment approximately 20 feet away.

30. Connolly said Lowe was not being aggressive when Officer Geissel lunged at Lowe.

31. On June 2, 2021, the State of Montana charged Lowe with felony assault on a peace officer, and misdemeanor offenses of assault with a bodily fluid, resisting arrest, and disorderly conduct.

32. One November 24, 2021, pursuant to a plea agreement, Lowe pled guilty to disorderly conduct, and the State of Montana moved to dismiss the remaining charges.

## COUNT 1
## 42 USC § 1983
## INDIVIDUAL LIABILITY

33. Plaintiff hereby incorporates all prior paragraphs.

34. At all times in which he interacted with Lowe on or about May 22, 2021, Officer Geissel acted under color of law, statutes, ordinances, rules, regulations, customs, policies, practices, and/or usages of the City of Missoula.

35. At all times in which he interacted with Lowe on or about May 22, 2021, Officer Geissel acted within the course and scope of his employment.

36. Officer Geissel, while acting under color of law, deprived Lowe of his civil rights under the Fourth Amendment to be free from detention and arrest not based on reasonable suspicion or probable cause, and to be free from unreasonable seizures, false arrest, false imprisonment, and excessive force.

37. Officer Geissel, while acting under color of law, deprived Lowe of his civil rights under the Fourteenth Amendment to due process of law.

38. The acts and omissions of Officer Geissel, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons or property, or ensuring civil order. The above acts and omissions were consciously chosen from among various alternatives.

39. Officer Geissel assaulted Lowe in violation of rights guaranteed to Lowe under the United States Constitution.

40. This unnecessary and unwarranted use of force was an unlawful and excessive use of force, in violation of Lowe's rights.

41. Each of the foregoing acts and/or omissions in this Count directly and proximately caused or contributed to Lowe's constitutional deprivations, injuries, and damages. Lowe suffered and will continue to suffer great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, harm to reputation, and apprehension, which have caused Lowe to sustain damages in a sum to be determined at trial.

42. As a further direct and proximate result of the aforesaid acts and omissions of Officer Geissel, Lowe was cited and had to respond to criminal court proceedings where he could have theoretically been convicted a felony offense and sentenced to jail.

## COUNT 2
## 42 USC § 1983
## ENTITY LIABILITY

43. Plaintiff hereby incorporates all prior paragraphs.

44. Defendant City of Missoula established policies, customs, and practices that caused the violation of Lowe's rights under the United States Constitution.

45.  The City of Missoula police officers have a pattern and practice of unjustifiably citing individuals with resisting arrest and assault on peace officers.

46.  The City of Missoula police officers have a pattern and practice of using excessive force against individuals and tolerating the use of excessive force by City of Missoula police officers.

47.  The policies, customs, and practices implicitly or explicitly adopted by Defendant City of Missoula amounted to deliberate indifference to and conscious disregard of Lowe's constitutional rights and ratification of violation of those rights.

48.  These constitutional violations were acts of official governmental policies.

49.  Each of the foregoing acts and/or omissions in this Count directly and proximately caused or contributed to Lowe's constitutional deprivations, injuries, and damages. Lowe suffered and will continue to suffer great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, harm to reputation, and apprehension, which have caused Lowe to sustain damages in a sum to be determined at trial.

## COUNT 3
## MONTANA CONSTITUTIONAL RIGHTS

50.  Plaintiff hereby incorporates all previous paragraphs.

51.     Pursuant to the Montana Constitution, *see Dorwart v. Caraway*, 58 P.3d 128 (Mont. 2002), Lowe has the fundamental, inalienable, and self-executing rights to individual privacy; to be secure in his person, papers, home, and effects from unreasonable searches and seizures; and not to be deprived of life, liberty, or property without due process of law.

52.     Defendants' acts and omission related to the incident involving Lowe on May 22, 2021, violated Lowe's constitutional rights.

53.     Lowe has the right to seek recourse against those who violate his constitutional rights.

54.     Each of the foregoing acts and/or omissions in this Count directly and proximately caused or contributed to Lowe's constitutional deprivations, injuries, and damages, and Lowe is entitled to compensatory damages and attorneys' fees for Defendants' violations of his state constitutional rights.

## COUNT 4
## NEGLIGENCE

55.     Plaintiff hereby incorporates all previous paragraphs.

56.     At all times pertinent to this Complaint, Defendants were subject to a duty of care under state law in the exercise of the police function to protect Lowe's constitutional, statutory, and common law rights. The conduct of Defendants as set forth in this Complaint does not comply with the standard of care, and

included negligent use of excessive force; negligent training, supervision and discipline of law enforcement officers; negligent enactment, enforcement, and violation of law enforcement policies and procedures; negligent violation of Lowe's constitutional, statutory, and common law rights; and negligent performance of official duties.

57.   As a direct and proximate result of Defendants' negligence, Lowe suffered injuries.

## COUNT 5
## ASSAULT AND BATTERY

58.   Plaintiff hereby incorporates all previous paragraphs.

59.   Officer Geissel made harmful or offensive contact with Lowe. Officer Geissel's use of force exceeded that necessary to restrain or detain or arrest Lowe.

60.   Officer Geissel's intentional acts constituted assault and battery upon Lowe, and directly and proximately caused injuries to Lowe.

## COMPENSATORY DAMAGES

61.   As a direct result of Defendants' unlawful conduct, Lowe suffered violations of his constitutional rights as set forth above.

62.   As a direct and proximate result of Defendants' unlawful conduct, Lowe suffered physical and emotional pain and injuries.

63. As a direct and proximate result of Defendants' unlawful conduct, Lowe had to defend himself against unwarranted criminal charges.

## PUNITIVE DAMAGES

64. Lowe has filed this action against Officer Geissel in his individual and official capacities.

65. Officer Geissel acted knowingly, deliberately, intentionally, and maliciously without regard for Lowe's rights, interests, and well-being.

66. Officer Geissel exhibited a reckless or callous disregard for Lowe's constitutional, statutory, and common law rights; Officer Geissel intentionally violated federal law; and/or Officer Geissel's conduct was precipitated by evil motive or intent. Accordingly, imposition of punitive damages is proper and warranted under 42 USC §§1983 and 1985.

67. Officer Geissel's unlawful acts and omission were willful and/or reckless; Officer Geissel deliberately acted with indifference to the high probability of injury to Lowe. Such conduct justifies the imposition of punitive damages under MCA §§ 27-1-220, 221 in the amount sufficient to punish Officer Geissel and to serve as a warning to other persons and legal entities similarly situated that conduct of the kind engaged in by Officer Geissel is unacceptable in our society and will not be tolerated.

**ATTORNEYS' FEES**

68. Pursuant to 42 USC § 1988, the Court may allow an award of attorneys' fees to Lowe if he prevails on claims asserted under 42 USC § 1983.

69. Lowe is entitled to recover reasonable attorneys' fees for violations of state constitutional rights under Montana's private attorney general doctrine.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable.

**RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to grant the following relief:

1. For damages in a reasonable amount to compensate Lowe fully for deprivation of his constitutional rights;

2. For damages in a reasonable amount to compensate Lowe fully for all injuries;

3. For punitive damages in an amount sufficient to punish Defendants and serve as a warning to other similarly situated persons and entities that such conduct will not be tolerated;

4. For declaratory and injunctive relief;

5. For attorneys' fees pursuant to 42 USC § 1988;

6. For reimbursement of costs and expenses of suit; and

7. For such further relief as the Court deems fair and just.


Dated this 21st day of January, 2022.

/s/Timothy M. Bechtold
BECHTOLD LAW FIRM

/s/Ryan W. Aikin
AIKIN LAW OFFICE

Attorneys for Plaintiff